# 425-15

CAUSE NO:PD-0425-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS


JULIO TORRES PALOMO
V.
STATE OF TEXAS


ON APPEAL FROM THE COURT OF APPEALS FOR THE SIXTH
DISTRICT OF TEXAS AT TEXARKANA
AND
ON APPEAL FROM THE 196th JUDICIAL DISTRICT COURT
OF HUNT COUNTY, TEXAS
TRIAL NO. 28777

BRIEF FOR PETITION FOR DISCRETIONARY REVIEW


JULIO TORRES PALOMO
#1923341
Mc Connell Unit
3001 S. Emily Dr.
Beeville, Texas 78102
Petitioner- PRO-Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk


FILED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

LIST OF PARTIES

APPELLANT-                                    JULIO TORRES PALOMO

ATTORNEY FOR APPELLANT                        DAVID"KEITH" WILLFORD
                                              LINDEN & WILLFORD
                                              P.O. BOX 11
                                              Greenville, Texas
                                                          75401


ATTORNEY FOR DIRECT APPEAL                    CARIANN ABRAMSON
                                              P.O. BOX 1683
                                              Forney, Texas 75126


PROSECUTORS - STATE                           KELI AIKEN
                                              ASSISTANT DISTRICT
                                              ATTORNEY(at trial)

                                              GEORGE'CALVAN' GROGON
                                              ASSISTANT DISTRICT
                                              ATTORNEY(at trial)

                                              NOBLE D. WALKER
                                              DISTRICT ATTORNEY
                                                (ON APPEAL)
                                              Hunt County District
                                              Attorney's Office
                                              2507 Lee Street
                                              Greenville, Texas
                                                          75401

# Table of Contents

Index of Authorities----------------------------------------------pg.iv-v.
Statement of the Case---------------------------------------------pg.1&2.
Issuses Presented-----------------------------------------------pg.2.
Statement of Facts----------------------------------------------pg.3&4.
Argument----------------------------------------------pg.5-14.

Point of Error One----------------------------------------------pg.5.
Insufficient Proof of Appellant Committing Continous Sexual
Assault on Nancy Ramirez:

Pointof Error Two----------------------------------------------pg.6.
Insufficient Proof of Appellant Committing Continous Sexual
Assault on Kary Ramirez:

Point of Error Three----------------------------------------------pg.6.
Nancy Ramirez statements are inadmissible under the outcry
exception rule when the translator did not accuraterly trans-
late the questions& answers to/of the Forensic interviewer who
testified as the outcry witness whmo was actually a third party
witness under Texas Code of Criminal Procedure art.38.072 and
eligible to testifiy as original outcry witness
Ms.Claudia Alavrado is the first person over the age of 18 years
to be told of the alleged incident. The trial court abuse it's
discretion when it allowed Ms.Charlene Ralph who is officially
a Forensic Interviewer to testify under the Hearsay Rule
pursuant to T.C.C.P.art.38.072.

Point of Error Four----------------------------------------------pg.6.
Nancy Ramirez& Kary Ramirez statements are inadmissible under
the outcry exception when the translator Claudia Alavardo did
not accrately translate the statements(question & Answers)of
the Forensic Interviewer who testified as the outcry witness.

Point of Error Five----------------------------------------------pg.10.
Appellant was prejudiced by the trial's court's failer to appoint
New Trial Counsel when conflict of interest arose under discip-
linary rules about Trial counsel and Appellant. see, State Bar
Rules of Texas "Ethical Consideration on Code of Professional
Responsibility", EC7-8.

Point of Error Six----------------------------------------------pg.11.
Appellant is entitled to New Trial because the State, through
it's Child Advocacy Center, faied to provide mitigating or
exculpatory material after requested by Appellant on numerous
occasions.

Point of Error Seven----------------------------------------------pg.13.
Appellant was deprived of his sixth amendment rights of effective
assistance of counsel because defense counsel:
A:Allowed Appellant to file a sworn statement of his criminal
history(without proper investigation of all the facts, a mini-
trial duty) that resulted in a perjury charge indictment and
which thus created a conflict of interest.

(see Texas Bar Rules of Lawyer Profession Conduct).
B: Attorney failed to request a continuance when state's agent
Hunt County Child Advocacy Center failed to produce requested
mitigating evidence and/or exculpatory material reqested several
times ,which finally became apparent at trial.

Prayer_____pg.14.

Certificate of service _____pg.15.

Unsworn Declation _____pg.15.

Index of Authority

Cases:
Anderson V. State, 159S.w.3d 102-03----------------------------
Bone V. State, 77S.w. 3d 828,835(Tex.Crim. App. 2002)----
Brooks V.State,323S.w.3d 893,912(Tex.Crim.App. 2010)-----
Brady V. Maryland, 373 U.S.87 , 83S.CT.1194---------------
Cassidy V.State,149S.w.3d 712,715(Tex.Crim.App.2004)-----
Cuyler V. Sullivan,466U.S.335 ,348-50--------------------
Ex Parte Battle, 817S.w.81,88(Tex.Crim.App.1991)----------
Ex Parte Briggs, 187S.w.3d 458,469(Tex. Crim.App.2005)---
Ex Parte Duffy, 607 S.w.2d 507,514,519(Tex. Crim.App.1980)
Ex Parte Felton,815 S.w.733,735-36(Tex.Crim.App.1991)----
ExParte Martinez,330S.w.3d891,900(Tex.Crim.App.2011)-----
ExParte Wilborn,724S.w.2d 391,393(Tex.Crim.App.1990)-----
Ex Parte Wilson,724S.w.2d72,74(Tex. Crim. App.1987)------
Ex Parte Ybarra,629S.w.2d943,946(Tex. Crim.App.1982)-----
Ford V. State,305S.w.3d 530,533(Tex.Crim.App.2009)-------
Garica V.State,792S.w.2d88(Tex.Crim.App.1999)-----------
Garica V.State,871S.w.2d279(Tex.App.El Paso1994,no.pet.)-
GallegosV.State,756S.w.2d45,48(Tex.App.-San Antonio1988,pet.ref!d
Gay V.State,98S.w.2d864,866(Tex.App.-Hous.[1st.Dist.]1998)
Garza V.State,213S.w.3d338,347(Tex.Crim.App.2007)--------
Hernandez V.State,726S.w.2d53,57,61(Tex.Crim.App.1986)---
Hardy V.State,246S.w.3d290,296 Tex.App.-Houst.[14th.Dist.]2008)
Hooper V.State,214S.w.3d9,13(Tex.Crim.App.2007)----------
In Re Posada usa inc.,100S.w.3d254,259(Tex.App.San Antonio2001)
Jackson V. State,443U.S.307,319(1979)--------------------
Jackson V. Virginia,776S.w.2d504,508(Tex.Crim.App.1985)---
Johnson V.State,304U.S.458,464(1938)--------------------
Johnson V.State,967S.w.2d410,417Tex.Crim.App.1998-------
Kyles V.Whitley,U.S.419,437-38,115S.Ct.1555(1995)--------
Lankston V.State,827S.w.2d907,911(Tex.Crim.App.1992)-----
Long V.State,800S.w.2d545,547-----------------------------
Montgomery V.State,810S,w.2d372,380(Tex.Crim.App.2002)---
Motilla V.State,78S.w.3d352,355(Tex.Crim.App.2002)-------
Monreal V.STate,947S.w.2d559,564(Tex.Crim.App.1997)------
Moussazadeh V.State,361S.w.3d685,689(Tex.Crim.App.2012)--
Payne V.State,516S.w.2d675,677(Tex.Crim.App.1974)--------
Saavedra V.State,297S.w.3d342,348(Tex.Crim.App.2008)------
Strickland V.Washington,446U.S.696(1984)-----------------
Thomas V.State,155S.w.3d140(Tex.App.-Texarkana1999)-------
United States V.Bagley,473U.S.667,105S.CT.3375(1990)------
Wiggins V.Smith,539U.S.510,521-22(2003)------------------
Yates V.State,941S.w.2d357,364(Tex.App.-Waco1997)---------

Statutes and Rules
Tex.Pen.Code S 21.02
Tex.Pen.Code S 21.02(h)
Tex.Disciplinary R. Prof. Conduct Rule 1.06(b)(2)

Tex.Code Crim. Proc. Art. 38.072

Tex.Code Crim. Proc. Art.38.072 § 2(a)(3)

Tex. R.App. P.44.2(b)

Constitutional Amendments

U.S. Const. Amend.V,VI,XIV.

To The Honorable Court of Appeals

Now comes Appellant, Julio Torres Palomo, and submits this Petition for Discretiony Review on Appeal from a conviction for alleged continuous sexual assualt of a young child(ren) in the 196th Judicial District court of Hunt County,Texas, The Honorable Steve R.Title jr.,Judge Presiding.

## Statement of Case

Appellant was indicted on January 25,2013 for continuous sexual assault alleging two or more of the following acts:
1. Indecency with child by sexual contact by Appellant touching the genitalsof Kary Ramirez;
2. Indecency with child by sexual contact by Appellant touching the genitals of Kary Ranirez;
3. Indecency with child by sexual contact by,causing Kary Ramirez to touch the genitals of Appellant;
4. Aggravated sexual assault by penetration of the anus of Kary Ramirez by Appellant sexual organ;
5. Aggravated sexual assault by Appellant!s sexual organ to contact or contact and penetrate anus of Kary Ramirez;
6Aggravated sexual assault by penetration of the anus of Nancy Ramirez by appellant's sexual organ;
7. Aggravated sexual assault by penetration of the sexual organ ofKary Ramirez by appellant organ;
8.Aggravated sexual assault by causing the mouth of Nancy Ramirez to contact the sexual organ of Appellant;
9.Aggravated sexual assault by penetration of the mouth of Nancy Ramirez by Appellant's sexual organ;
10. Aggravated sexual assault by causing the sexual organ of Appellant to contact the anus of Nancy Ramirez;
11. aggravated sexual assult by causing the sexual organ of Appellant to contact sexual organ of Nancy Ramirez and/or.
12. Indecency with child by sexual contact by Appellant touching the sexual organ of Nancy Ramirez;

On September 1 2010, Tex. Pen. Code § 21.02, the alleged offenses are a first degree felonies that are punishable by confinement in the Intitutional Division of the Texas Depatment of Criminal Justice for Life, or any term of not more than 99 years or less than 25 years. See, Tex. Pen .Code § 21.02(h).

On March 24, 2014, Jury trial proceedings began. Appellant plead not guilty to the charge of continuous sexual abuse of young child(ern) as charged in the indictment. Punishment was assessed by the Jury on April 1 2014 at Life, notice of appeal was filed on a motion for new trial. An amended motion for new trial on punishment and a motion in arrest of judgment was filed on May 28, 2014. OnMay28,2014 the trial court heard Appellant's motion for new trial and took it under advisement, but ultimately denied the motion for new trial on June10,2014.

(1)

<u>Issues Presented</u>
<u>Point of Error One</u>

Insufficient proof of Appellant committing continuous sexual
assault of Nancy Ramirez.

<u>Point of Error Two</u>

Insufficient proof of Appellant committing continuous sexual
assault of Kary Ramirez.

<u>Point of Error Three</u>

Nancy Ramirez statements are inadmissible under the outcry
exception when the translator did not accuraterly translate
the question and anwers to/of the Foresic interviewer who made
testified as the outcry witness who was actually,third party
witness under Tex. Code of Crim.Proc. art.38.072 and not
eligible to testify as original outcry witness.
Claudia Alvarado was the first person over the age of 18 years
to be told of the alleged incident.
Trial court abuse it's discretion when it allowed Hunt County
Child Advocacy Center(hereinafter HCCAC).
Charlene Ralph who is officially a Foresic Interviewer to testify
under the hearsay exception pursuant to art. 38.072 of Tex.Code
of Crimial Procedure.

<u>Point of Error Four</u>

Nancy Ramirez statements are inadmissible under the outcry
exception when the translater Claudia Alvarado did not accurately
translate the statements (questions&answers)to the foresic
interviewer whom testified as the outcry witness.

<u>Point of Error Five</u>

Appellant was prejuiced by Trial Court's failure to appoint new
Trial counsel (defense) when a conflict of interest arose under
disciplinary rules between Trial Counsel and Appellant.
See, State Bar Rules of Tex."Ethical Considerations of Profess-
ional Responsibility", EC,7-8.

<u>Point of Error Six</u>

Appellant is entitled to a new Trial because the State,through
it's Child Advocacy Center, failed to provide mitigating or
exculpatory evidence material after requested by Appellant on
numerous occasions.

<u>Point of Error Seven</u>

Appellant was deprived of his sixth amendment right to effective
Assistance of Counsel because defense counsel:
(A): Allowed Appellant to file a sworn statement of fact concern-
ing his criminal record(without proper investigtion of all facts,
simply a minstrial duty) that resulted in agrave error, which

(2).

thus created a conflict of interest. See,Tex.Bar Rules of Lawyer Professional Conduct).

(B): Attorney failed to request mitgating or Exculpatory material already requsted several times, which finally became apparent at trial.

## Statement of facts

On September 17, 2012, it is alleged that Appellant's biolgical daughter, complaintant Nancy Ramirez, made an outcry to a schoolmate, named Evelyn Regelado, while riding the school bus home. this schoolmate told her mother ,Maribel Regelado, who report's it to the School Counselor, Deborah Floyd, with the support of Maribel's Pastor Carlos Mendoza.

The Texas Department of Family and Protective Services(hereinafter)"CPS") is called,however, neither complaintant Nancy or Kary Ramirez,who is the step daugther of Appellant , make outcry to the CPS Workers.

Ms.Aisha Coutain with CPS aranges for a forensic interview to be conducted at the Hunt County Child Advocacy Center (HCCAC) the following day.

Ms. Charlene Ralph is a Forensic Interviewer with the HCCAC which allegally interviews both girls through a bi-lingual interpreter Ms.Claudia Alvarado, whom works for the Hunt County Sheriff's Dept. as a lay-person whom does clerk work as a back ground researcher,she is not trained, certifed, licensed,or educated as a forensic interviewer,a licensed peace officer.

On or about September18,2012 it's alleged complaintant Nancy Ramirez made an outcry to Charlene Ralph during a Forensic interview ,through Claudia Alvarado ,of having touched the Appellant's penis and vaginal penetration.

Complaintant Kary Ramirez did not make an outcry of any abuse on September 18,2012.

On October 17, 2012 or about, it's alleged a second Forensic interview was set up for alleged Compliantant Kary Ramirez with Cladia Alvarado as translator in which compliantant Kary Ramirez allegally made an outcry that Appellant touched her chest,butt, and vaginal area with his hands, she is alleging to touched his penis,and allegally Appellant penetrated her with his penis.

Through the discovery released by the state (on this trial day) Appellant was aware of a prior 2008 Child Advocacy interview of Appellant's other stepdaughter , Jasmine Castillo who was three years old at the time . After Jazmin sexault nurse's examiner examination and Forensic interveiw "NO CHARGE'S WERE FILED", against Appellant.

Appellant knew of the interview due to it's reference in the CPS reports, but no police report was provided nor was the video of the Forensic interview turned over to the Appellant, until the day of his trial.

Multiple request were made by Defense for the video. The state attemped to retieve the video from it's agent,HCCAC informed the state the video did not exist.

It was not until Forensic interviewer Charlene Ralph with the HCCAC(state Agent)was on the stand testifying in the instant

(3).

That the 2008 video was located in the file Ms. Ralph brougt it
to the trial court In Re: Nancy and Kary Ramriez.

The 2014 Director of HCCAC, Holly Robinson, told the trial court
that she did not recall receiving the subpoena, but, did not deny
she could have been sevred one.(emphsis mine)and it got lost
on her desk?
If she did look for the videotape of the interview,she would not
have been able to locate it since it had been removed from the
original victims file for Jazmin Costello and planced in the
newer victims file of Nancy and Kary Ramirz which was in posses-
ion of Ms. Ralph,(it seems Ms.Robinson was aware of this much,
as it was unveiled at the trial court)(emphsis mine).see,(RR:124)
The interveius that Ms. Ralph conducted were done through the use
of a Hunt County Sheriff Employee Claudia Alvarado(whom is not
a licensed Peace Officer, but a clerk/background reseacher whom
happens to be Hispanic)to assist in the translation.
Ms.Alvarado has no formal training in translation, Law Enforce-
ment or Forensic interviewing,nor is she credentialed or cert-
ified in translation,by any licensing authority. Ms. Alavardo
Admits that she modified questins and answers that were asked
and answered from both interviewer and compliantants in order to
aid the interview. (more like circumvent the issuses),emphsis
mine.
The state's "Notice of intent to introduce outcry statement of
child abuse complaint's pursuant to art. 38.072 Tex. Code of
Criminal Proc. filed for Charlene Ralph(sould have been for
Claudia Alvarado ) as she was the first person over the of 18
years to be given notice/outcry of sexual abuse of Complaintant's
younger than 14 years of age). see, T.C.C.P. art.38.072.

It is recorded both complant's refered(spoke to) Claudia Alvarado
whom in-turn refered to Forensic interviewer Charlene Ralph,
only there were many misquotes,circumvented questions and answers
as Ms. Alavarado stated"She modified question and answers in
order to aid the interview" unquøte.

Ms.Alavardo cliams on record"She is not Technically qualified to
interview the allged victims of child abuse".

Prior to trial, Appellant is said to have executed a swore state-
ment he was eligible for probation(community supervision)at the
urgencies of his Defense Attorney, which was prepared by him,
notarized by his staff. This statement is said was among other
filings. The state thus filed"Aggravated Perjury charges" on
the Appellant, as he was"not eligible for probation".
As lead to believe by his Defense counsel, due to a prior convic-
tion.
The trial counsel filed a motion to with draw as Attorney of
record, wanting no responsibity for his error.
Trial counsel argued on his behalf he must be a"Fact Witnees"
for the state on the new indictment against his client.
The state gave further notice it would use this new charge as
an exterous offense. To add further injury, Trial court denied
Trial Counsel's request to withdraw from/as Attorney of record.

ARGUMENT

Piont of Error One

Insufficient proof Appellant committed continuous Sexual
Assault on Nancy Ramirez.

Piont of Error Two

Insufficient proof Appellant committed continuous Sexual
Assault on Kary Ramirez.
Evidence must show more than a mere modicum of proof on the
elements of actual sexual abuse. Appellant presents points of
error One & Two together since they are based on a common nexus
of fact and Law.


During trial, both complainantt's, Nancy& Kary Ramierz, testified
via close circuit. The outcry witness is said to be Charlene
Ralph and not Claudia Alvarado for both complianant's.
Ms. Raplh testifed that Nancy Ramirez touched Appellant's penis
with her hand and some part of the Appellant's body touched her
vagina.
Nancy Ramirez herself did not testify before the jury that
Appellant's penis touched her vagina,she did testify that her
mouth touched Appellant's penis and that Appellant touchher
vagina.(Although no specifics).

Ms.Raplh slso testified that Kary touched Appellant's penis,
that his penis penetrated her anus and vagina,(or is this Ms.
Alvarado's distorted, no wait, Ms. Alvarado's "modificaton"of
the questtions and answers to aid the interview,"' for the
state.
Kary Ramirez did testify the Appellant touched her vagina with
his hand,"but did not,penetrate it with his penis...
(RR.:7-63-132) Who's lying,Who's distorting the truth?

Standard of Review

InTexas, the Jackson V. Virinia, standard is the only standard
that a reviewing court should that a reviewing court should
apply in determining whether evidence is sufficient to support
the elements of a criminal offense,the state is required to prove
"beyond a reasonable doubt". See, Brooks v. State,323s.w.3d893,
912(Tex.Crim.App.2010); also, Jackson V.Virgina,at 443U.S.307,319
(1979).

On review"direct and circumstantial evdidence can be treated
equally", that circumstantial can be sufficient to establish guilt,
See, Hooper v. State, 214s.w.3d 9,13(Tex.Crim.App.2007).

A conclusion must reached on a certain degree of speculaton
which cannot be unreasonable in an ordinary sense, but a matter
of Law. speculation along, cannot/should not be treated/tested
solely based on "Heresay Translation", which claims to have been
"Modified to aid in the States behalf".

(5).

Ultimately the modified circumstantial( Modification of Translat-
lation) evidence, especially those of cumulative inferences,is
there no actual evdience should be insufficient to support this
conviction, since there is no actual evidence probative of any
element but a mere modicum piece of evidence which does not up
to a mere preponderence of evidence needed to sustain a rightful
conviction. Therefore, it's conclusively established that the
state failed to meet it's burden of proof. It is therefore asked
that this conviction and sentence thereby be set-aside, in
alternative, Reverse and Remand for a new trial.

### Point of Error One(restated)

Inufficient proof of Appellant continuous sexual assault on
Nancy Ramirez.
It is said that neither Ms. Raplh nor Nancy(said complaintant)
testified about alleged acts 6 or 10, which claimed Appellant's
penis made contact or penetraton of the anus of Nancy Ramirez.
(see. RR.7:10-63;RR.9:85-104).
There is an implication(no proof) that Appellant penis"may have"
(conjucture) contacted the anus or the vagina of complaint Nancy
Ramirez. For these reasons,this Honorable court should sustain
point of error one and aquit this Appellant. In alternative
reverse and remand with instruction.

### Point of ErrorTwo(restated)

Insfficent proof of Appellant continuous sexual assault on
Kary Ramirez.
It is said neither Ms. Raplh(allaged outcry witness) nor Nancy
Ramirez testifed to act one of alleged touching of the anus
of Kary Ramirez. Itis also said on record that act seven was
also abandoned by the state for "lack of proof" during the trial.
For these reasons,this Honor court should sustain error Two.

### Point of error Three

It is said that Nancy Ramirez statements are inadmissible under
the outcry expection rule due to the translation is an inaccu-
rate one, as the translator"modified" the actual,"questions
and answers) to aid in the interview for the state.
Ms. Alvarado, not Ms. Ralph is the first person over the age of
!8 years of age the complainants told of the allaged sexual
abuse.
Can a minor child in Texas have authority to give consent to a
third party(alleged outcry witness) to testify on her behalf?

### Point of Error Four

To the point of redundence, Kary Ramirez; statements are inadm-
issible under the outcry exception rule whenp the translater
did not/had not accurately translated the question and answers
yet admitted that"she modifed the issues to aid in the interview
for the state!"
By law of statue 38.072 T.C.C.P. "outcry witness"shall be the

first person(does not make an exception for translation), shall
be the first person over the age of 18 years of age,besides the
prepatrator" Ms.Alavarado being the first person as the statute
is clear and makes "no excpection"because of the language barrier
Ms.Alvarado did not testify on the the behalf of either Nancy or
Kary Ramirez, as did Ms. Ralph which becomes hearsay with no
exceptions, but inadmissible of Legislature intent,and the.
Therefore, Appellants point of error four, should be sustained.
Arrest the judgment of the conviction.

## Additional Facts

It is said, that during all of the interviews relating to this
case,Forensic interviewer Charlene Ralph"only spoke english"
Nancy & Kary Ramirez are spanish speaking individuals, spanish
being their primary language(purpose of translator).
Ms.Raplh Forensic interviewer for Hunt County Child Advocacy
Center (HCCAC)used Claudia Alavardo whom is employed with the
Hunt County Sheriff's office as a clerk whom happens to be
hispanic by birth, she has no other special quilities to assist
Ms. Raplh in translation,if complaints are bi-lingual as alleged
... why the translator?
The state offered Ms.Raplh as an outcry witness under T.C.C.P.
art.38.072(defense counsel did not object to preserve error)
another claim for constructive ineffective assistance of counsel
in/of a long list,(emphsis mine),which perjustice my trial.
Ms.Alvarado stated on her accord that she has no formal educat-
ion,training or qualifications as a bi-lingual translator and
had to modifiy the questions & answers to aid the interview for
the state. Thus denying Appellant a fair trial, to add further
injury and harm to Appellant,no where in the record does it
indicate that this trial court"certified",Ms.Alvarado as an
"expert" qualified to interprete in/of a Forensic interview in an
alleged child abuse case.
Let the record reflict a misinterpretation video was also
admitted,which prejudice this Appellant. Ms. Alvarado neither
translated properly, but also modified the questions & answers
of all parties involved in instant case.
Ms.Raplh supposely asked complaint's open-ended questions,some
non-leading questions which brought back modified answers and
half-truths or no truth at all as Ms.Alvarado modified answers
and questions to aid in the interview for the state.
With Ms. Alvarado's own testimony to the jury she answered she
mislead the jury by explaining that she substantially expounded
on what was asked by Ms. Raplh to make sure that Nancy & Kary
understood what was being asked.

## Standard of Review

An"Error"of this great magnitude affects a "substantial right
and injustice of this Appellant,especially when an Appellant
has been denied a fair and just trial which affected the outcome
of the verdict. see, King V. State,953s.w.2d266-271(Tex.Crim.App.
1997).

(7).

## Application of Facts

### Translation Statements
### of Law

It is said "Translated Statement" are admissible so long as the statement quality under the hearsay rule exception!"
It is clear that Ms. Raplh does not speak spanish, therefore not eligible underthe hearsay rule exception T.C.C.P. art. 38.072 Ms.Alavarado had "everyreason" motive, to mislead or distort and make inaccurate translation she is a low-level clerk employee by the Hunt Count Sheriff's office with "No Eduaction" in/of translation skills, and totally not qualified to be an expert translator, she herself admits "she had to modifiy the translation"... qialified experts "do not modify" To aid the interveiw.
Ms.Alvarado has admitted several times on record she is not qualifed, not educated, licensed or certifed in spanish/english translation of Law. Ms.Alvarado has self admitted, she is sometimes requested to translate for the Hunt County Sheiff's office, also that she takes liberties with the translations, which can only serve to injure the defendent and cause perjudice. Because whatever to whomever was said was taken as fact which only serve to negitively influence, distort and mislead the jury and perjudice the out-come of this trial. see, Jonhson V.State, 967s.w.2d410,417(Tex.Crim. App.1998);Motilla V. State,78s.w.3d 352,355 (Tex. Crim. App.2000). also Cassidy V.State,149 s.w. 3d 712(Tex.Crim.App.2004).

To consider admissibility of a translated statement, Four factors must be met:
1. which party supplied the interpeter?(HCCAC&Sheriff dept.)
2.whether interpeter had motive to mislead or distort, yes.
3.Assess interpeters qualifications(no).
4. Whether action was taken to subsquently assure the translator was consistent with questins & answers being translated.(no).
see, Saawdra V.State,297s.w.3d342,348 (Tex. Crim.App.2008).

### Application of Facts
### Outcry Hearsay Exception

It is said that Child Forensic interviewers are not norally admissible,due to the "Hearsay Rule" However,when it meets the requirements(this applicatin does not) which is an abuse of Discrection by the trial court, as the Four above requirements were not met. According to T.C.C.P. art. 38.072,"the first person over the age of 18 years was mot Ms.Raplh but Ms. Alvarado. The chain of out cry goes like this: "Nancy Ramirez first told her friend&schoolmate Evelyn Regelado, whom tells her mother Maribel Regelado,whmo tells her pastor Carlos Mendoza,togther they report it to the School Counselor, Debra Floyd, whom decides to call the Texas Depart. of Family and Protective services(here after known as "CPS") Neither complaintant Nancy or Kary Ramirez tells or reports this allaged incident(makes outcry )to CPS investigator, Aisha Coutain, Therfore,Ms. Coutain arranges with HCCAC to have the girls the following day,

At which point Ms. Raplh met with the girls the following day
at the HuntCounty Sheriff's Office so she could provide a
interpreter whom speaks spanish/english, Ms.Alvarado took the
call,and made herself available.
It is alleged complainant's made a statement in a discernible
manner alleging a sexual offense(or did they, reason doubt)
or did Ms.Alvardo misunderstand? It has already been determined
that Ms. Alavardo took liberties with the translatins. see,
(RR.9:157-158).
Ms.Alavardo knew what was at stake for herself and the Hunt
County Sheiff!s Office. Ms.Alvarado knewtherethere was a
possible promotion for a job well done(conviction of the Appeal-
ant)she had every thing to gain and noting to lose by distorting
the facts misleading the jury"taking liberties of the true
facts"distorting(complainant's)answers by her own admissions
under oath. see, Garcia V. State,792s.w.2d 88(Tex.Crim.App.1990)
and Tex.Code Crim.Proc. art.38.072§2(a)(3).

T.C.C.P. art. 38.072 suspends the hearsay rule and allows what's
commonly refered to as "outcry" to testify on the behalf of
childern of sexual abuse. "Provisions of this statute include
notice and hearsay requirement's" are mandantory and must be
complied with in order for the the statue to be admissible over
the hearsay objection(state did not meet the requirements) .
see, Long V. State,800s.w.2d 545,547(Tex.Crim. App.1990);
Gay V.State, 98s.w.3d 864,866 Tex.APP.Hous:[1st.Dist.] 1998pet.
ref'd.)
The Defendent must be given notice of content and scope. ID.
Statement to be more then a mere allusion in general toalleged
sexual abuse, general allusions are vague and arbitrary. see,
Thomas V.State, 155s.w.3d138.140 (Tex.APP. Texarkana1999,pet.
Ref'd.) Notice must describe offense in discernable manner.
see,Garcia V.State,792s.w.2d88,91 Tex.Crim.App.1990).
No one question the skills of Ms.Alvarado as a court certified
Interpreter. this court did not go through Ms.Raplh's credent-
ial's either to demonsrate the importance of how tointerview
a child of sexual abuse, and the significance of asking opened-
ended questions. However,Ms.Alvardo on a number of occassions
self adimitted she took"liberties" with the translation onher
own accord, thereby nullifying and undermining the Law and the
standards of the statutesofT.C.C.P. art.38.072 and the total
significance of the Foernsic interview there canbbe no assurance
that this jury or anyone else this Appelant was harded by Ms.
Alavrado's modified translations.    *harmed*

It's on record that Appellant objected totthe spanish portion
of the video being admitted on the grounds that it was not
transcribed when offered by the state, which violates statue
of T.C.C.P. art. 38.072 which clearly states"Defendant must be
given adquent notice of the content and scope", to prevent
violation of Due Process of the Fifth & Fourteenth amendment
 of the United States Constitution.

A Defendant has a right to know,to be informed what he's charged with, in order to prepare for an affirmative defense. see. Garica V.State,792s.w.2d88,91(Tex.Crim. App.1990).

The trial court overruled the objection, the Sixth Court of Appeals stated error was"not presevred for viewing", video was admitted and shown to the jury, which prejudiced the verdict, as it was onebite of the poison apple.
Let it be noted for the record that Ms.Alvarado's translation for Ms.Ralph, should not have been admitted as the state failed to provide a"neutral Interpreter"to Assure the"outcry" statement enjoyed"Nnoomotive to be circumvented,distorted or misapplied for translators own personal benefit.

The inability, no attempt by the state, to obtain a fair and impartial, neutral interpretere(see footnote(3) of the original Appellant brief as it states on pg. 29 of44) If this court finds that Ms.Alvarado did not had,not acted in the capacity of a neutral party  as argued in points of error one & two, then by statue Ms. Alavardo becomes the "outcry" and not Ms.Raplh by default, due to the fact that both Nancy & Kary Ramirez spoke of the alleged incident only in spanish directly to Ms. Alvarado, had they the ability to speak to Ms.Raplh she could/would not have needed an interpreter to understand.

The testimony of both Nancy & Kary Ramirez the modified trans-lated statements to Ms.Raplh is actually third party hearsay outside the hearsay exception rule and harm displayed of this admission lays in the bolster of the girls testimony.
For these facts and admissions this court should sustain points of error Three and Four, arrest the judgment,sentence and con-viction in altertive Reverse and Remand for new Trial.

## Point of Error Five

Appellant was perjudiced by continued appointment of counsel and trial failure to appoint new counsel when their was a confict of interest under disciplinary rules ofthe State Bar bewteen Appellant counsel and Defendant.

## Additional Facts

Defense trial counsel had Defendent sign a sworn application in request for community supervision in which Appellant was not eligible,trial counsel should/could have maed the effort to assure self and client about eligibility as it would simply a ministrial duty as it's attorneys duty to investigate all the issuses pertaining to his/her clients.

## Standard of Review

Once the Attorney finds themselfs in confict with a client, they shouid withdraw from representign immediately the court shall than permit Attorney to withdraw so the court can assure the Defendent a fair trial. see,In Re Posada USA Inc. 100s.w.3d 254 at259(Tex.App. San Antonio 2001 pet.granted)

(10).

If confict exist counsel shold be permitted to withdraw. see,
Texas Disciplinary Rules of Procedure & Professional Conduct.
Rule 1.06(b)(2).
Abuse of discrection occurs when trial court acts without ref-
ence to any guiding rules or principles or acts arbitrarily or
when the decision is clearly wrong,that it lies outside a zone
of reasonableness, as instant case. see, Montgomery V. State,
810s.w.2d372,380 Tex.Crim.App.191). A reviewing court should
not subsitute it's judgment for that of the trial court, but
ratber make it's own decision in a matter of justice.
The Rule of Professional are clear and precise, it states:
"The Attorney shall not continue to represent a client with whom
counsel has the conflict. The mere meaning of the trial court
prohibiting the state from mentoning the aggravated perjury
charge to the jury is not/cannot be said a sufficient safeguard
of Appellant's right of a fair trial or insure a trust worthy
of a Attorney relationship,for that reason alone this court
should sustain Point of Error Five and grant the Defendent a
new trial.

## Point of Error Six

Appellant is entited to a new trial due to the state, through
it's Hunt County Child Advocacy Center (agent)(Black's Law Dict-
ionary: someones entity who's authorized to act for or in thier
behalf in place of another) which failed in there duty after
subpoenaed to provide mitging and exculpatory material after
requested by Defense a number of times (Brady Violation).
### Additional Facts

Appellant after having read certain CPS materials provided by
Hunt County district Attorney's office discovered there was
another potential charge, alleged victim Jazmin Castello.
The case of Jazmin Castello was never found to have merit to
bring to trial in 2008. The Defense felt that there was potential
exculpatory/mitigating evdience which would assist the case at
bar. On November 25 2013,Appellant was in the process of discuss-
ing with the trial court of this video while the state was in
the process of obtaining this video fron it's agent HCCAC, as
they had refused to acknowledge that such a tape existed,until
it was discovered at the instant case. Let the record reflict
that the state did not object upon the discovery of the video
of the alleged complaint Jazmin Costello,as defense had taken
all necessary steps prior to this to obtain just this video
interview.
Ms.Holly Robertson ExecutiveDirector of the HCCAC, testified
that HCCAC is a neutral party, yet professes that they conduct
Forensic interviews for Hunt County CPS & Law Enforcement Officials
These recordings are typically released to the state proscution
and other law enforcement officials, unless they feel"no offense"
has been comitted as in the Jazmin Castello case.
During the instant case at bar the Defense reqested a mistrial
when 2008 video of Jazmim Castello was finally producted by
Hccac. Adirect violation of Brady V. Maryland, supra.
The state and it's agents withheld exculpatory evidence from
the defense.

(11).

## Standard of Review

The "Brady Rule" does not differ from "suppression of the evidence by the state or it's agents, it simply states "All" exculpatory evidence shall be made available to the Defense otherwise it violates the Fifth&Fourteenth Amendments of the United States Constitution, Due Process, where evidence is material of guilt/innocence or punishment, irrespective of good faith or bad of the prosection. see, <u>Brady V.Maryland</u>,373 U.S. 87, 83 S.CT.1194. A full and complete disclosure by the state it's agents is necessary to avoid An unfair trial.
Also see, T.C.C.P. art.2.01 "not to convict, but to see justice is done" A prosecutor shall not suppress evidence or secrete witnesses, capable of establishing the innocence of the accused. "quote from:Texas District and County Attorney's Association. <u>Brady and Bagley,supra</u>, Provide it's a "reversible error"when: 1: the state/it's agents fail to disclose exculpatory evidence regardless of procution's good or bad intentions.
2: withheld evidence that is favorable to the defense.
3:evidence which is material,there is a reasonable probability had the evidence been disclosed the outcome of the trial would have come out different. see,<u>Brady V. Maryland</u>,373 U.S.87,; <u>U.S. V.Bagley</u>,473U.S. 667, 105S.CT.3375(1990).

State prosecution it's agent's(include HCCAC)have a duty to of Brady evidence,known to others acting for the state's behalf in a particular case. see, <u>Kyles V.Whitley</u>,514 U.S.419,437-38, 115S.CT.1555(1995).
The state it's agents have a duty to produce recordings of interviews,videos, should they contain exculpatory/mitigating materials. This Appellant filed motion requesting the production of any recordings which secures a ruling by the court as production material. see,<u>Garica V.State</u>,871s.w.279,283(Tex.App.-El Paso 1994)

A continuance, once Brady material is disclosed at trial a defendent is assured adquate protection of Due Process. see, <u>Yates</u>,941s.w.2d357,364(Tex.App.Waco 1997); <u>Payne V. State</u>,516s.w. 2d675,677 (TEX.Crim. App.1974). "NO MIGIC WORDS"S" are needed to ask for a continuance. see, <u>Ford V. State</u>,305 s.w. 3d533 TEX.Crim. App.2009. An objection(instant case)is considered in content in which the complaint was made and the partie's share an understanding of the complaint at the time. see, <u>Lankston V. State</u>,827s.w.2d907,911 (Tex. Crim.App.1992).

## Application of Facts

Although it's alleged that HCCAC is a neutral party.
They are for all practicle purposes an agent for the state as they collect evidence at direction of Law Emforcement for the sole benefit of the state prosection, although it may be a direct arm of the state (funding must come from the state or other federal agencies to function), as for the purposes of Brady material,they are required to turn over all evidence that maybe exculpatory, or have mitigating affects especilly upon request by the state or subpoena from the Defense. Id.

(12).

Defense requested an opportunity for an expert to review Jazmin Costello's video, trial court denied request for a continuance or expert witness.

Had alleged complainant's video been timely released in accordance with statue, this Appellant could/would have showen a fabrication which was/is the crux of this Defense.

Defense counsel had to/forced to change his Legal strategy, due to denial to denial to withdrawal,lack of Brady material,for trial and crossexamination,denial continuance,other mitigation factors. Appellant was still incapable of getting a fair trial.

## Point of Error Seven

Appellant was denied of his Sixth Amendment rigths of counsel:
1:Defense counsel allowed Defendent to sing a sworn statement alleging he had no criminal history,that resulted in perjury charges which created a conflict of interest.
2:Failed to request a continuence when Brady material was finally became  apparent at trial.

## Standard of review

Under the Sixth Amendment the Fourteen Amendment of the  United States Contitution, all Defendent's are entitled to"reasonable" assistance of counsel. see,U.S. Const. Amend.6&14th. Strictland V. Maryland,466U.S.696(1984);HendersonV.State, 726s.w.2d53,57-61(Tex.Crim.App.1986).

## Legal Background

A lawyer must have a firm command on the facts and issues of thier case. The govering laws before he can render reasonable effective assistance of counsel.

May the record reflict greatly in this respect.see,Ex. parte Duffy,607s.w.2d507,514n.14,519(Tex.Crim.App.1980).
Trial counsel has an obligation to his client to make a reasonable attempt at investigation every fact of every case. As one never knows which fact may just be the one to make your case. Is it not better to safe than soory later?
This is only a ministrial that will only take a second. see, WigginsV.Smith, 539U.S.510,521-22(2003); Ex Parte Briggs,187 s.w.3d 458,469 (Tex.Crim. App.2005).
Trial counsel can make the decision to limit his investigatioñ, Although it cheapens his obligation to his client and violates the attorney's ethics code,"Can it really be ascertained that it would/could be wasteful to fully investigate the issues.
No investigation can be said to be wasteful,as it is better to know all of the facts then to surprized by the unknown.
In, according to theTexas Rules of bar: "A defendent has a right to effective assistence of counsel which include but no less than making affirmative decision based on correct information which are personal to the client. see,Ex parte Martinez,330s.w. 3d 891,900 (Tex.CRIM.App.2011); Jackson V.State,766s.w.2d504, 508(Tex.Crim.App.1985). The Defense counsel has a duty to exert his efforts to ensure his client decisions are based on correct information about the law.

(13).

Causing one's client to commit aggravated perjury certainly camnot be said to be in either of thier best interest(emphsis mine). see, Ex parte Wilson,725s.w.2d72,74 (Tex. Crim.App.1987). Surly this could not have been comptent advise. Alawyer must give act in a reasonable reliable and adversial manner and substantially assist his client to stay out of jail not commit then futher. Whether trial counsel was reasonable effective is thus judged by the terms of the represention. This counsel had this defendent indicted on a new charge of aggavated perjury unbeknowing to the client, if this does not show a construtive denial of assistance of counsel, there isn't any.
All allegatign must be firmly rooted in the recordgand not base on mere speculation. The this instance I'll allow the record to speak for it's self. see,Bone V. State,775s.w.3d828,835(Tex. Crim.App.2007)
Appellant can not begin to justify the trial counsel's motives at trial. Trial counsel'sgdeficiengy's alone are an affirmtive demonsration for the record.See,Mata V.State, 226s.w.3d 425,430(Tex.Crim.App.2007).
This review of trial counsel performance will show that no reasonable trial strategy could justify counsel's performance. see.Andrews159s.w.3d102-03.
This Appellant court surely can persume that defense counsel's actions fall within the norms of effective represention.
Is it the norm for Defense counsel to obtain a new indictment for his client, I certainly pray not!

## Conclusion

For these and other reasons,this court should sustain all points, of error and arrest and vacate this conviction,sentence. In alternative this Honorable court should reverse and remand for a new trial.

## Prayer

Wherefore all premises considered,this Appellant prays to almighty God, before this Honorable court, htat it shall sustain all points of error, one,two, three ,four, five, six, seven. To include but no less than constructive denial of assistance of counsel at a very critical point of my trial. May this Honoable court grant relief and arrest and vacate the Judgment,conviction,sentence,in alternative, Appellant, further prays for any and all other relief this A Appellant may be entitled too. So help me God !

Executed on this 19 day of
October 2015.

Respecbfully

Julio Palomo

Julio Torres Palomo
T.D.C.J.#1923341
Mc Connell Unit
3001 S.Emily dr.
Beeville,Texas 78102

(14).

<u>Cerificate of Sevice</u>

I hearby certify to mailing a copyof this Petition for
Discretionary Review to the Appellant Divison of The Hunt
County District Attorney's Office at 2507 Lee Street,
Greenville, Texas 75403-0041.



    Executed on this <u>19th</u>, day of
    October 2015.                                respectfully submitted

                                                *Juilo Palomo*
                                                Juilo Torres Palomo
                                                T.D.C.J.#1923341
                                                Mc.Connell Unit
                                                3001 S. Emily dr.
                                                Beeville, Texas 78102



<u>Unsworn Declaration</u>


I, <u>Juilo Torres Palomo</u>, T.D.C.J.# 1923341, hereby declare
under the penalties of perjury that I am presently inconfine-
ment at the William G. Mc.Connell Unit at 3001 S. Emily dr.
Beeville ,Texas 78102.  Ifurther declare that facts and state-
ments are true and correct to the best of my knowlegde and fact.
so help me God. Amen.

                                                *Juilo Palomo*
                                                Juilo Torres Palomo

Executed on this<u>19</u> day of
October2015                                     T.D.C.J.#1923341
                                                Mc. Connell Unit
                                                3001 S. Emily dr.
                                                Beeville, Texas 78102




                        (15).